

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36157-8-III |
| | ) | (consolidated w/ |
| Respondent, | ) | No. 36158-6-III) |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| TAYLOR ROSS LANDRUM, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Taylor Landrum appeals from an order amending the judgment and sentence imposed for his Benton County conviction for attempted indecent liberties. In a consolidated appeal, Mr. Landrum appeals from an order amending the judgment and sentence imposed for his Benton County convictions of second degree rape and first degree solicitation to commit perjury. His sole contention in both appeals is that recent case law requires striking all discretionary legal financial obligations (LFOs) imposed by the trial court. We remand for the court to strike the discretionary LFOs, including the criminal filling fees.

Given the limited issue raised on review, the facts leading to Mr. Landrum's convictions are not relevant to the appeals. However, a brief discussion of the procedural history of these cases is helpful for context.

Mr. Landrum was originally sentenced on April 2, 2010, under Benton County

Superior Court cause numbers 08-1-00749-2 and 08-1-01051-5. On September 18,

2015, following an initial appeal, the trial court resentenced Mr. Landrum on each case.

At the resentencing hearing, the State indicated it was willing to waive discretionary

LFOs in both cases, and the trial court announced that it would only impose mandatory

LFOs consisting of a $500 crime victim penalty assessment and $260 in what it referred

to as "clerk's and filing fees, for a total of $760 in each case."[1] *State v. Landrum*, No.

33812-6-III, slip op. at 3 (Wash. Ct. App. June 20, 2017) (unpublished),

https://www.courts.wa.gov/opinions/pdf/338126_unp.pdf.  The trial court also imposed

a $100 deoxyribonucleic acid (DNA) collection fee in cause number 08-1-00749-2, but

declined to impose the DNA fee in cause no. 08-1-01051-5 due to hardship.  Each

judgment and sentence expressly incorporated cost bills that were apparently prepared

in conjunction with the 2010 sentencing, and subsequently refiled in 2015 with each

new judgment and sentence.

The cost bill for cause no. 08-1-01051-5 originally included $4,924.69 in costs,

but that total was crossed out and the trial court only imposed the $200.00 filing fee and

---

[1] It appears that the $260 clerk and filing fees consisted of a $200 criminal filing fee and a $60 sheriff's service fee.

2

a $60.00 Sherriff's service fee. The cost bill for cause number 08-1-00749-2, the

indecent liberties matter, imposed a total of $1,852.01 in LFOs: a $200.00 filing fee,

$60.00 sheriff's service fee, $250.00 jury demand fee, $564.51 in witness costs, $700.00

in court-appointed counsel fees, and $77.50 in special costs reimbursement.[2]

Mr. Landrum appealed the 2015 resentencing in both matters, arguing in part that

the court inadvertently imposed more than the intended mandatory LFOs. This court

concluded that the court erroneously imposed the $60.00 sheriff's service fee, a

discretionary cost of prosecution, in each judgment and sentence. We remanded for

the sentencing court to strike the $60.00 sheriff's fee and to correct other issues in the

judgment and sentence. A mandate on our prior decision issued on July 26, 2017.

On May 29, 2018, the trial court entered an order amending the judgment and

sentence in each case. At the resentencing hearing, the court again reiterated its intent

---

[2] On the prior appeal to this court, Mr. Landrum argued that the judgment and sentence in cause number 08-1-00749-2 erroneously imposed a total of $2452.01 in LFOs (including the $1,852.01 in the cost bill), contrary to the trial court's expressed intention to only impose $760.00 in mandatory LFOs. This court rejected Mr. Landrum's argument, finding that the cost bill in that matter only taxed two of the identified costs, for a total of $260, as indicated by the "x" marked in the ordered column next to those two costs. Clerk's Papers (CP) at 16; *see also Landrum*, slip op. at 7. In light of the final line on the cost bill that lists the total costs ordered and/or assessed as $1,825.01, CP at 16, and the State's concession that the cost bill imposed all of the identified costs, for purposes of this appeal this court accepts Mr. Landrum's assertion that the cost bill imposed all of the identified costs.

3

to impose only mandatory LFOs in both cases.  Mr. Landrum, who appeared

telephonically, expressed his ongoing concern that discretionary LFOs from the cost

bills were continuing to be imposed.  The trial court's order struck the $60.00 sheriff's

service fee from both judgments, but ordered Mr. Landrum to also pay the DNA

collection fee in cause number 08-1-01051-5.  The trial court did not otherwise address

the cost bills.  Mr. Landrum timely appealed the order amending the judgment and

sentence in each case, and this court has consolidated these cases for review.  On July 18,

2018, the trial court entered an order of indigency authorizing Mr. Landrum to seek

review at public expense.

Mr. Landrum's sole contention in these consolidated appeals is that all

discretionary LFOs, including the criminal filing fees and one of the DNA collection

fees, must be struck from each judgment and sentence pursuant to *State v. Ramirez*,

191 Wn.2d 732, 426 P.3d 714 (2018).  The State generally concedes this point, but

maintains that the DNA fee is a mandatory fee that must be imposed in both cases.

The 2018 amendments to Washington's LFO scheme[3] prohibit trial courts from

imposing discretionary LFOs on defendants who are "indigent" at the time of sentencing

as that term is defined by RCW 10.101.010(3)(a)-(c).  RCW 10.01.160(3).  *Ramirez*,

---

[3] LAWS OF 2018, ch. 269.

4

191 Wn.2d at 745-47. The LFO amendments also prohibit imposition of a $200 criminal filing fee on indigent defendants. RCW 36.18.020(2)(h). A DNA collection fee must be imposed unless the defendant's DNA has been collected as a result of a prior felony conviction. RCW 43.43.7541. *Ramirez* held that the LFO amendments apply prospectively to cases on direct appellate review at the time of enactment. 191 Wn.2d at 747. Accordingly, Mr. Landrum is entitled to the benefit of the current law.

The parties agree that the $200.00 criminal filing fee, $250.00 jury demand fee, $564.51 in witness costs, $700.00 in court-appointed counsel fees, and $77.50 in a special cost reimbursement imposed in cause number 08-1-00749-2 are discretionary LFOs that must be struck from the judgment and sentence. They further agree that the $200.00 criminal filing fee imposed in cause number 08-1-01051-5 must also be struck.

However, the parties disagree as to whether a $100 DNA collection fee may be imposed on both cause numbers. As stated previously, the $100 DNA collection fee is mandatory unless the State has already collected the defendant's DNA pursuant to a prior felony conviction. Mr. Landrum was convicted of felonies under the two separate cause numbers on review. Accordingly, the court should impose a DNA collection fee in the first judgment and sentence entered (cause no. 08-1-00749-2), but should strike the $100

DNA collection fee in the second case since the State will collect Mr. Landrum's DNA as a result of the first conviction.

CONCLUSION

We remand for the trial court to strike all discretionary LFOs identified in the cost bill for cause number 08-1-007490-2, imposing only the $500 crime victim penalty assessment and the $100 DNA collection fee in that case. The $200 criminal filing fee and the $100 DNA collection fee imposed in cause number 08-1-01051-5 shall also be struck.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____       _____
Lawrence-Berrey, C.J.                 Korsmo, J.

6